IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


MARINE SOLUTIONS, L.L.C.,
and LAURA MILLER,

  Plaintiffs,

v.          CASE NO. 4:16cv482-RH/CAS

GULF COAST AGGREGATES, L.L.C.,
etc., et al.,

  Defendants.

_____/


## ORDER DISMISSING THE COMPLAINT IN PART

  This case arises from an alleged breach of contract. The complaint includes a breach-of-contract count and five additional counts. The defendants have moved to dismiss each of the five additional counts for failure to state a claim on which relief can be granted. This order grants the motion in part.

I

  To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss, the complaint's factual

allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged. Instead, it remains true, after *Twombly* and *Iqbal* as before, that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993).

II

The complaint alleges these facts. The defendant Gulf Coast Aggregates, L.L.C. ("Aggregates") had a supply of oyster shells. The plaintiff Marine Solutions, L.L.C. ("Marine") had expertise and contacts useful in marketing the oyster shells. Aggregates and Marine entered into a written contract under which Marine would market the shells in exchange for a 6% commission. When one of Marine's two principals died, Aggregates started selling its shells on its own and stopped paying Marine's commissions.

These allegations give rise to a straightforward breach-of-contract claim by Marine against Aggregates. The complaint asserts such a claim in count 1. Aggregates has not moved to dismiss that count and would have no basis for doing so.

The complaint includes five more counts, none as straightforward as count 1.

### III

In count 2, both Marine and its surviving principal, Laura Miller, assert claims against Aggregates for unjust enrichment. The existence of an express contract defeats a claim for unjust enrichment. *See, e.g.*, *Degirmenci v. Sapphire—Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1347 (S.D. Fla. 2010). But a plaintiff may plead in the alternative. *See* Fed. R. Civ. P. 8(d)(2). Aggregates has not admitted either the validity of the contract or its application to all the sales at issue. Marine has adequately stated a claim for unjust enrichment. *See, e.g.*, *Immediate Capital Grp., Inc. v. Spongetech Delivery Sys., Inc.*, No. 10-60059-CIV, 2010 WL 1644952, at *3 (S.D. Fla. Apr. 22, 2010) (setting out the elements of an unjust-enrichment claim).

The same is not true, however, for Ms. Miller. She has not alleged facts indicating she acted individually rather than only on behalf of Marine. Any right to recover belongs only to Marine. *See, e.g.*, *James Talcott, Inc. v. McDowell*, 148 So. 2d 36, 37 (Fla. 3d DCA 1962) ("As a general rule, an action to enforce corporate rights or to redress injuries to the corporation cannot be maintained by a stockholder in his own name or in the name of the corporation, but must be brought by, and in the name of the corporation itself."). Ms. Miller's individual claim in count 2—and her other claims as set out below—will be dismissed.

IV

In count 3, Marine alleges it entered into a joint venture with Aggregates, that Aggregates owed Marine a fiduciary duty, and that, in breach of that duty, Aggregates usurped a business opportunity—the sale of oyster shells—that belonged to the joint venture.

The claim fails because Marine has not alleged facts—as distinguished from bald conclusions—that would support a finding that Aggregates owed Marine a fiduciary duty or that this was a joint venture. The contract itself, which is attached to the complaint, is to the contrary. The contract says each party is "independent," that each party is "solely responsible for its own activities and operations," and that neither the agreement nor any course of dealings "has created a partnership, joint venture or other sharing arrangement" between the parties. ECF No. 1-4 at 4.

Even on a motion to dismiss, the contract may properly be considered. *See, e.g.*, *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("It is the law in this Circuit that when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.") (omitting quotation marks and citations). And "where the parties to a contract have clearly agreed that they would remain independent business entities and were *not* joint venturers or partners, no joint venture or partnership is created as between those parties." *Metric Eng'g, Inc. v.*

*Gonzalez*, 707 So. 2d 354, 355 (Fla. 3d DCA 1998) (citing *Anthony Distribs., Inc. v. Miller Brewing Co.*, 882 F. Supp. 1024, 1031 (M.D. Fla. 1995)).

So at least at the outset, Marine and Aggregates did not have a joint venture. This of course does not mean they could not later change their minds and enter into a joint venture, but Marine has not alleged facts suggesting they did so. Count 3 fails to state a claim on which relief can be granted.

V

In count 4, Marine seeks to impose a constructive trust on Aggregates' sales proceeds. To the extent based on the assertion that there was a joint venture or that Aggregates usurped Marine's business opportunity, the claim is unfounded. But Marine also claims entitlement to a commission on Aggregates' sales. At least one court has recognized a constructive trust in the portion of sale proceeds properly payable as a commission. *See In re Rama Grp. of Cos.*, No. 01-CV-0424E9(SR), 2002 WL 1012974, *2 (S.D.N.Y. May 6, 2002). This count states a claim on which relief can be granted, but only against Aggregates and only for the portion of any sale that Marine asserts was properly payable as a commission.

VI

In count 5, Marine and Ms. Miller assert a claim against Aggregates and two of its managing members, George D. Slisher and Stephen C. Addington, for constructive fraud. Under Florida law, "Constructive fraud occurs when a duty

under a confidential or fiduciary relationship has been abused or where an unconscionable advantage has been taken." *Levy v. Levy*, 862 So. 2d 48, 53 (Fla. 3d DCA 2003). "Constructive fraud may be based on a misrepresentation or concealment, or the fraud may consist of taking an improper advantage of the fiduciary relationship at the expense of the confiding party." *Id*. (citing *Beers v. Beers*, 724 So. 2d 109, 116 (Fla. 5th DCA 1998)).

The complaint alleges that Marine's other principal, Edwin Reardon, needed surgery. He was expected to survive the surgery but did not. Before the surgery, "the defendants"—apparently a reference to Mr. Slisher and Mr. Addington acting on behalf of Aggregates—promised that they would pay Marine the agreed percentage and protect Marine regardless of Mr. Reardon's individual contribution to the project. The complaint alleges that after Mr. Reardon died, the defendants did not fulfill their promise but instead entered transactions without notifying Marine and did not pay Marine's commissions.

These allegations are insufficient to state a claim for constructive fraud. In substance, the complaint alleges only that the defendants promised that Aggregates would continue to perform its preexisting obligations under the contract, with or without Mr. Reardon's participation. The complaint does not allege that the defendants expected Mr. Reardon to die or to be unable to continue. The complaint does not allege that when the defendants promised to carry on, they had the present

intention not to do so. The complaint does not allege that the parties agreed to modify the existing contract. Quite the contrary—the allegation is that the parties agreed to keep going without change.

In sum, the complaint does not allege that the statements to Mr. Reardon were misrepresentations or concealed anything at that time, nor does the complaint allege that the defendants made the statements intending to take improper advantage of Marine or Ms. Miller. The complaint does allege that when circumstances changed—when Mr. Reardon unexpectedly died—Aggregates changed course. If that was a breach of contract, Marine will recover in count 1. If the contract did not extend to some or all of the transactions at issue but the circumstances entitle Marine to payment, Marine will recover in count 2. But the complaint does not state a claim for constructive fraud on which relief can be granted.

VII

In count 6, Marine and Ms. Miller assert claims against Aggregates, Mr. Slisher, and Mr. Addington for negligence. "Under Florida law, '[t]o maintain an action for negligence, a plaintiff must establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages.'" *Chang v. JPMorgan Chase Bank, N.A.*, No. 15-13636, slip op. at 9-10 (11th Cir. Jan. 6, 2017) (quoting *Fla. Dep't of Corrs. v. Abril*, 969 So. 2d 201, 204

(Fla. 2007)). The most common instances in which a defendant owes a duty can be divided into two categories. First, a defendant ordinarily has a duty to use reasonable care to avoid causing bodily injury or property damage to another, subject to the limitations of the "impact rule." *See, e.g.*, *Willis v. Gami Golden Glades, LLC.*, 967 So. 2d 846, 850 (Fla. 2007). Second, a professional has a duty to a client to meet the standard of care in that profession. *Chang* recognized a negligence claim as an add-on to a claim for breach of fiduciary duty, but that does not help Marine, because, as set out above, Aggregates did not owe Marine a fiduciary duty.

A party to a contract owes a *contractual* duty to the other party to the contract—but not a separate duty of reasonable care. Negligent breach of contract is not a cause of action.

As one Florida court put it, "It is well established that breach of contractual terms may not form the basis for a claim in tort." *Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So. 2d 490, 494 (Fla. 3d DCA 1994), *disagreed with on other grounds*, *Condo. Ass'n of La Mer Estates, Inc. v. Bank of New York Mellon Corp.*, 137 So. 3d 396 (Fla. 4th DCA 2014). That statement may go too far—the same conduct can sometimes constitute both a breach of contract and a tort. But in the absence of a bodily injury, property damage, or a professional or fiduciary duty, a contracting party ordinarily owes the other contracting party no duty of reasonable

care separate and apart from the duties created by the contract. And even more clearly, an *employee* of a contracting party owes the other contracting party no duty of reasonable care separate and apart from his employer's duties under the contract.

To be sure, the plaintiffs assert that the defendants made promises to Mr. Reardon and that those promises are actionable. Promises of that kind could give rise to a fraud or promissory-estoppel claim, but only on a showing of facts well beyond those alleged here. Count 6 fails to state a claim on which relief can be granted.

## VIII

For these reasons,

IT IS ORDERED:

1. The motion to dismiss, ECF No. 12, is granted in part and denied in part.

2. Counts 3, 5, and 6 are dismissed. All of Ms. Miller's claims are dismissed. All claims against Mr. Slisher and Mr. Addington are dismissed. Marine's claims against Aggregates as set out in counts 1, 2, and 4 remain pending.

3. I do not direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on January 6, 2017.

                                          s/Robert L. Hinkle
                                          United States District Judge